D. Maimon Kirschenbaum
Josef Nussbaum
JOSEPH KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiff and the proposed
FLSA Collective Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ALEXIS AGUILERA CHANG, on behalf of
himself and others similarly situated,

              **Plaintiff,**

      v.

TORTILLA FLATS, INC., ANDREW
SECULAR, and JEAN BAMBURY,

             **Defendants.**
-------------------------------------------------------x

CASE NO.

**COMPLAINT**

**FLSA COLLECTIVE ACTION**

Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Tortilla Flats, Inc. is a New York corporation that operates Tortilla Flats restaurant ("Tortilla Flats," or "the restaurant"), located at 20 East 60th St, New York, New York 10022.

4. Tortilla Flats has an annual gross volume of sales in excess of $500,000.

5. Tortilla Flats is owned and operated by Andy Secular and Jean Bambury.

6. Defendants Secular and Bambury exercises sufficient control of Tortilla Flats' day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

7. Defendants Secular and Bambury have and exercised the power to hire and fire the restaurant's employees and discipline employees, including Plaintiff.

8. Defendants Secular and Bambury control restaurant employees' rates of pay.

9. To the extent that employment records are kept for employees, Secular and Bambury are involved in maintaining those records.

10. Plaintiff Alexis Aguilera Chang was employed by Tortilla Flats as a bartender for over 10 years, ending in December 2016.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff brings this action as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Tortilla Flats on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

12. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Tortilla Flats' decision, policy, plan and common policies,

programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

13. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For the purpose of notice and other purposes related to this action, their names and addresses are readily available from the Tortilla Flats. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Tortilla Flats.

## FACTS

14. Plaintiff's consent to sue form is attached hereto as Exhibit A.

15. Plaintiff worked for Defendants at Tortilla Flats as a bartender.

16. Throughout his employment, Plaintiff was paid an hourly rate that is lower than the requisite minimum wages.

17. Plaintiff was in fact paid the "tip credit" minimum wage under the FLSA (until 2016) and NYLL.

18. Defendants were not entitled to utilize the tip credits set forth under the FLSA and New York Labor Law because they did not give Plaintiff the appropriate notice of the tip credit, including but not limited to the notices required by N.Y. Lab. Law § 195.

19. N.Y. Lab. Law § 195 requires an employer's weekly wage statement to set forth any allowances being applied to the Plaintiff's pay. However, until mid-2015, Plaintiff's weekly pay stubs failed to set forth that Plaintiff was paid pursuant to a tip credit.

20. Defendants did not distribute to Plaintiff a Notice and Acknowledgement of Pay form as required by N.Y. Lab. Law § 195.

## FIRST CLAIM FOR RELIEF
**FLSA Minimum Wage Claims, 29 U.S.C. § 201, *et seq.*,**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

21. Plaintiff, on behalf of himself and the FLSA Collective Plaintiff, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

22. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

23. Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

24. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, pre- and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**New York State Minimum Wage Act, New York Labor Law § 650 *et seq.*** 
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

25. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

26. Defendants knowingly paid the Plaintiff and the FLSA Collective Plaintiffs less than the New York minimum wage as set forth in N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

27.     Defendants did not pay Plaintiff and the FLSA Collective Plaintiffs the New York minimum wage for all hours worked.

28.     Defendants' failure to pay Plaintiff and the FLSA Collective Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

29.     As a result of Defendants' willful and unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### THIRD CLAIM FOR RELIEF
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**
**Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs**

30.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31.     Defendants did not provide Plaintiff and the FLSA Collective Plaintiffs with the notices/wage statements required by N.Y. Lab. Law § 195.

32.     As a result of Defendants' unlawful conduct, Plaintiff and the FLSA Collective Plaintiffs are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, prays for relief as follows:

A.     An award of damages, according to proof, including back pay, front pay, punitive damages, and liquidated damages, to be paid by Defendants;

B. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

D. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

E. Penalties available under applicable laws;

F. Costs of action incurred herein, including expert fees;

G. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663, and other applicable statutes;

H. Pre-judgment and post-judgment interest, as provided by law; and

I. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
       February 23, 2017

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
    D. Maimon Kirschenbaum
    Josef Nussbaum
    32 Broadway, Suite 601
    New York, NY 10004
    Tel: (212) 688-5640
    Fax: (212) 688-2548

*Attorneys for Named Plaintiff and the proposed FLSA Collective Plaintiffs*

# EXHIBIT A

# CONSENT TO SUE UNDER
# FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **TORTILLA FLATS, INC.** and/or related individuals or entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.


___Alexis Aguilera_____
Full Legal Name (Print)


__Alexis Aguilera_____
Signature


__02/01/2017_____
Date