# JOSEPH & KIRSCHENBAUM LLP

Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas␣␣␣␣␣␣␣␣␣␣

**MEMO ENDORSED**

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/17

*The settlement is approved as fair, reasonable and adequate. Attorneys' fees are also approved. SO ORDERED. 6-29-17*

**VIA ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  *Aguilera Chang v. Tortilla Flats, Inc. et al,*
     No. 17 CV 01385 (PKC)

Dear Judge Castel:

    We represent the Plaintiff in the above-referenced action. We submit this letter, with Defendants' consent, to respectfully request that the Court approve the Settlement Agreement and Release ("Agreement") as a fair and reasonable resolution of a bona fide dispute in accordance with, *inter alia*, the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and so order the parties' stipulation of dismissal. The Agreement is submitted herewith as Exhibit 1, and the parties' stipulation of dismissal is Exhibit A to the Agreement.

    Plaintiff alleges that he worked at Defendants' restaurant as a bartender. He claims that he was paid a cash wage and tips, and that Defendants took a tip credit towards its minimum wage obligations to Plaintiff for all hours worked as Plaintiff. The complaint in this case alleges that (1) Defendants were not entitled to take a tip credit towards its minimum wage obligations to Plaintiff under the FLSA and New York law because they did not give him the requisite notice; (2) Defendants did not give Plaintiff accurate wage statements required under N.Y. Lab. L. § 195(3); and (3) Defendants failed to give Plaintiff the wage notice at the time of hire required under N.Y. Lab. L. § 195(1). The complaint sought recovery of (1) the tip credit taken; (2) liquidated damages; and (3) statutory damages for violations of N.Y. Lab. L. § 195. While the case was brought as a putative class/collective action, the parties reached a settlement in principal before the Initial Conference on behalf of the Plaintiff only. No other individuals joined the case as Opt-In Plaintiffs.

    As set forth in the Agreement, the parties have agreed to settle this case for $35,000. Prior to reaching the settlement, Defendants produced Plaintiff's wage notices, wage statements, pay records, and time records. From this document production, Plaintiff was able to determine the precise number of hours that he worked and for which Defendants took a tip credit towards its minimum wage obligations.

The Agreement is reasonable and should be approved because it is a fair compromise of disputed claims in light of the risks in this case. As set forth in the copy of an Excel spreadsheet attached hereto as Exhibit 2, Plaintiff's "best case" actual compensatory damages based on the allegations in the Complaint are approximately $19,000. In addition, as set forth in the attached spreadsheet, Defendants could be liable to pay Plaintiff significant penalties, bringing his maximum recovery to approximately 49,000.[1] These figures are based on allegations that Defendants contest.

Specifically, Defendants maintain that they were legally entitled to take a tip credit towards their minimum wage obligations to Plaintiff because Plaintiff was, in fact, provided proper notice under the FLSA and New York law. Additionally, it is Defendants' position that Plaintiff was paid correctly for all of his hours worked and that he understood the manner in which Defendants applied the tip credit, which operates as a complete defense to the NYLL tip credit claim.

Thus, Plaintiff faced legal and factual risks on his primary claims. Nonetheless, the settlement amounts to more than 70% of Plaintiff's maximum recovery and, after attorneys' fees, he will receive $22,849.33, which is more than 100% of his maximum unpaid wages and more than twice as much as his maximum recovery under the FLSA for unpaid minimum wages.

This settlement was the result of arm's-length negotiations after Defendants produced relevant documents regarding Plaintiff. Thus, Plaintiff was able to fairly evaluate the strengths and weaknesses of his claims and the ultimate settlement. In light of the excellent recovery the settlement provides Plaintiff, the Agreement is fair and reasonable.

In accordance with this Court's decision in *Guzman v. Patsy's Pizzeria*, Plaintiff will only be releasing claims (1) relating to wages and hours, including those under the Fair Labor Standards Act, New York Labor Law, the New York Hospitality Wage Order, N.Y. Code of Rules and Regulations or common law, (2) relating to protected activities concerning wages or hours, (3) relating to the negotiation of the Agreement and Release, and/or (4) asserted in the action. 15 Civ. 7220 (PKC), *Dkt.* No. 34.

Finally, the Agreement provides for reasonable attorneys' fees and costs to Plaintiff's counsel. Under the Agreement, Plaintiff's counsel will receive a total of $12,150.67: $726 as reimbursement of costs[2] and one-third of the remainder of the settlement – or $11,424.66 – as attorneys' fees. The proposed fee award of one-third of the after-costs settlement amount should also be approved because it was consensual and agreed to by the Plaintiff. A request for a one-third fee is also consistent with Plaintiff's retainer agreement. *See Mireku v. Red Vision Sys., Inc.*, No. 11 Civ. 9671, 2013 U.S. Dist. LEXIS 172102 (S.D.N.Y. Dec. 6, 2013) (noting the consensual nature of the fee arrangement); *see also Rangel v. 639 Grand St. Meat & Produce*

---

[1] Out of the approximately $19,000 in unpaid minimum wages, a maximum of $9,500 is attributable to unpaid tip minimum wages covered by the FLSA and its maximum liability period three years from the filing of the complaint (*i.e.*, 2016, 2015 and a portion of 2014). The remaining unpaid wages are NYLL damages.

[2] Plaintiff's counsel seeks reimbursement of the following costs: $400 filing fee and $326 for service of the Complaint.

2

*Corp.*, No. 13 Civ. 3234, 2013 U.S. Dist. LEXIS 134207, at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit."). Moreover, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Martinez v. Consulate Gen. of Algeria in N.Y.*, No. 16 Civ. 2390, 2016 U.S. Dist. LEXIS 157999, at *8-9 (S.D.N.Y. Nov. 15, 2016); *see also, e.g., Ramirez v. Greenside Corp.*, No. 16 CV 726, 2017 U.S. Dist. LEXIS 30527, *9-10 (S.D.N.Y. Mar. 3, 2017); *Maldonado v. Srour*, No. 13 Civ. 5856, 2016 U.S. Dist. LEXIS 139881, at *3 (E.D.N.Y. Oct. 6, 2016); *Garcia v. Atlantico Bakery Corp.*, No. 13 Civ. 1904, 2016 U.S. Dist. LEXIS 84631, at *3-4 (S.D.N.Y. June 29, 2016).

To the extent that the Court deems a "lodestar" crosscheck appropriate, Plaintiff's counsel's lodestar is $5,430, as set forth in the chart below, which summarizes the time from Plaintiff's counsels' contemporaneous time records.

| Biller | Hours | Rate | Total |
| --- | --- | --- | --- |
| D. Maimon Kirschenbaum[3] | 3.9 | $450 | $1,620 |
| Josef Nussbaum[4] | 10.8 | $325 | $3,510 |
| Paralegal[5] | 2.4 | $125 | $300 |
|  |  | **Total:** | **$5,430** |

For the foregoing reasons, Plaintiff respectfully requests that the Court approve the parties' Agreement and so order the stipulation of dismissal. We thank the Court for its attention to this matter.

Respectfully submitted,

*s/Josef Nussbaum*
Josef Nussbaum

cc: All Counsel (via e-mail)

---

[3] D. Maimon Kirschenbaum graduated from Fordham University School of Law in 2005 and has worked at Joseph & Kirschenbaum LLP ("JK") since then. As a result of his accomplishments representing food service workers in New York City, he became a member/partner of the firm in May 2007. Mr. Kirschenbaum currently manages the firm, while also maintaining a docket comprised largely of individual and class/collective wage and hours lawsuits. His billable rate has been approved at $450 per hour. *See e.g., Lizondro-Garcia v. Kefi LLC*, No. 12 Civ. 1906, 2015 U.S. Dist. LEXIS 85873, at *20 (S.D.N.Y. July 1, 2015).

[4] I graduated from McGill University's Faculty of Law in 2009 and have been a litigation associate at Joseph & Kirschenbaum LLP ("JK") since June 2011. The majority of my docket involves individual and class/collective wage and hour actions. My billable rate has been approved by Courts in this Circuit at $325. *See, e.g., Quito v. Kuo Yang, et al*, 14 Civ. 3926, Dkt. No. 54.

[5] The paralegal who worked on this case was Debora Duran. Ms. Duran has been a paralegal at JK since July 2014. She received a B.S. in Criminal Justice from Rutgers University, Newark in October 2011. In January 2014, Ms. Duran completed a 10-month Paralegal Studies program at Fairleigh Dickinson University. Prior to joining JK as a paralegal, she worked as a junior paralegal in the Employment Department of Ginarte, O'Dwyer, Gonzalez, Gallardo & Winograd LLP. Our firm's paralegals' billable rate has been approved at $125 per hour. *See e.g., Lizondro-Garcia*, 2015 U.S. Dist. LEXIS 85873, at *20.